**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:05 CR 598 |
|  | ) |  |
|  | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| KEITH THOMPSON, JR., | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Defendant. | ) |  |

This matter comes before the Court upon a remand Order issued by the Sixth Circuit Court of Appeals. (ECF # 68). The Sixth Circuit remanded the case for consideration of whether the recent decision in *United States v. Jackson*, 678 F.3d 442 (6th Cir. 2012), has any impact on Mr. Thompson's original request for a sentence reduction under 18 U.S.C. § 3582(c)(2). The Defendant filed a *Supplemental Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) Based On Remand From Sixth Circuit* addressing the issues raised by the remand order from the Sixth Circuit. (ECF #69). The government filed a Reply to the motion, arguing against any reduction in sentence. (ECF #70).

Having reviewed in detail the Sixth Circuit's recent opinion in *United States v. Jackson*, and giving due regard to its most recent interpretation of the mandates provided by the United States Supreme Court in the case of *Freeman v. United States*, 131 S.Ct. 2685, 2692-93 (2011), and the actual legislation at issue, this Court finds that no sentence reduction is warranted under the facts and circumstances of this case.

In summary, the *Jackson* and *Freeman* cases, when read together, allow the district courts to consider and implement a reduction in sentence under 18 U.S.C. § 3582(c)(2), when the

1

crack cocaine guidelines were "a relevant part of the analytic framework" used when determining the original sentence, and/or when the sentence was based, even in part, on the crack cocaine sentencing guidelines.  *See, Jackson* at 445.  There is no evidence on the record that the sentencing judge in the underlying case considered the crack cocaine sentencing guidelines to be relevant to the determination of Mr. Jackson's sentence, or that his sentence was based in any way on the crack cocaine sentencing guidelines.

      Mr. Jackson pled guilty to distributing 4.71 grams of cocaine base ("crack"), which would have put him at a base offense level of 24 under the crack cocaine sentencing guidelines.  The sentencing court, however, found him to be a base offense level of 32 because, based on his extensive criminal history, he was deemed to be a career offender under § 4B1.1.  Mr. Jackson received a three level reduction for acceptance of responsibility, bringing his final offense level to 29.  With a criminal history category of VI, his resulting guideline based on the career offender guidelines was 151-188 months.  The plea agreement, however, contemplated a sentence of 120 months.  The sentencing judge departed from the career offender guideline range down to 120 months in deference to the contemplated sentence referenced in the plea agreement, finding that sentence to be sufficient but not greater than necessary under the circumstances of the case.  (Sentencing Tr. pp. 25-26).

      The 120 month sentence was not based on and did not fall within the crack cocaine sentencing guideline range applicable at that time.  If the crack cocaine guidelines had been used to determine Mr. Jackson's sentence, he would have had a base offense level of 24, reduced to 21 after a three point reduction for acceptance of responsibility.  With a criminal history category of VI, his sentence would have fallen between 77 and 96 months as established by the § 2D1.1 sentencing guidelines.  The 120 month sentence imposed, although it was a downward departure

from the career offender guideline range, did not fall with the crack cocaine guidelines and was not calculated based on those guidelines.  There is no evidence in the record that the sentencing judge considered the crack cocaine guidelines to be relevant to the sentencing calculation, or that he based the sentence on those guidelines.  Rather, the record indicates that the sentence was based on an original calculation under the career offender guidelines, and a departure based on the contemplated sentence set forth in the plea agreement.

According to Title 18, U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  In § 1B1.10(a)(2) of the Sentencing Guidelines, the Commission specifically stated that a "reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B) (Nov. 1, 2011).  Neither the career offender guidelines, which were used to calculate Mr. Jackson's base offense level and applicable sentencing range, nor any suggested or agreed sentence within the plea agreement was affected by subsection (c) or by the guideline amendments set forth in the Fair Sentencing Act.  Therefore, neither Mr. Jackson's applicable guideline range, nor his actual sentence was affected by the changes to the crack cocaine guidelines and he is not eligible for reduction under the Fair Sentencing Act.

Further, based on this Defendant's extensive criminal history, and his status as a career offender, this Court considers him to be a risk to the community and would not exercise its discretion to lower his sentence even if a reduction were allowable under the new sentencing guidelines.  Mr. Jackson received significant consideration at the time of his sentencing and is

entitled to no further reduction to bring him even further below the career offender guideline range, which is applicable in this case.

    For the reasons set forth above, Mr. Jackson's *Supplemental Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) Based On Remand From Sixth Circuit*, (ECF #69), is DENIED.  IT IS SO ORDERED.


                                                 /s/Donald C. Nugent
                                                   DONALD C. NUGENT
                                                United States District Judge

DATED:   September 10, 2012